IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CASE NO. 4:15CV-181-JM |
| | ) | |
| | ) | |
| MAHMOOD AHMAD, M.D. and | ) | |
| UNITED PAIN CARE, LTD. d/b/a | ) | |
| UNITED PHARMACY, | ) | |
| | ) | |
| Defendants | ) | |

## STATEMENT OF UNDISPUTED MATERIAL FACTS ANNEXED TO MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1(a), Movants, Defendants Mahmood Ahmad, M.D. and United Pain Care, Ltd., hereby submit the following statement of material facts as to which he contends there is no genuine dispute to be tried:

1. Between January 27, 2012 and May 30, 2013, United Pain Care, Ltd., a sub-chapter S corporation, was owned 50/50 by Mahmood Ahmad, M.D. and his wife.

2. Between January 27, 2012 and October 10, 2012, United Pain Care, Ltd. had a separate division doing business as United Pharmacy.

3. On October 10, 2012, United Pain Care, Ltd. filed an application for the fictitious name of United Pharmacy.

4. In July of 2013, Mahmood Ahmad, M.D. and his wife sold United Pharmacy to pharmacist Albert Rinchuso.

5. Between January 27, 2012 and May 30, 2013, the registrant for Drug Enforcement Administration purposes was United Pharmacy and the Pharmacist-In-Charge was Pamela

Hastings West (October 12, 2011 through May 15, 2012) and Albert Rinchuso (July 3, 2012 through July of 2013).

6. Between January 27, 2012 through May 30, 2013, Mahmood Ahmad, M.D. did not manage; participate in the ordering of controlled substances, or participate in the dispensing of controlled substances at United Pharmacy.

7. Between January 27, 2012 through May 30, 2013, United Pharmacy was managed as a separate business with its own software, paperwork, phone, fax, email, website, and staff which had no overlap in responsibilities with the medical clinic, United Pain Care, Ltd.

8. Both Pamela Hastings West and Albert Rinchuso were duly licensed pharmacists with the designation as Pharmacist-In-Charge between January 27, 2012 and May 30, 2013 and managed United Pharmacy's day to day activities including the ordering and dispensing of controlled substances.

9. Mahmood Ahmad, M.D. did not have a key to United Pharmacy and was never in the pharmacy without the Pharmacist-In Charge present. Before the pharmacy was sold in July of 2013, Mahmood Ahmad, M.D. did not dispense a single controlled substance or cause any of his medical staff to dispense controlled substances. In addition, Mahmood Ahmad, M.D. did not order any controlled substances, handle any controlled substances, verify, count, or reconcile any controlled substances and did not return or destroy any pharmacy medications, including controlled substances.

10. Between January 27, 2012 and May 30, 2013, Mahmood Ahmad, M.D. had no knowledge of any record deficiencies or of any record keeping requirements (assuming they existed) and, therefore, was not in a position to prevent or correct any deficiencies.

Respectfully submitted,

*[signature]* by SAP

TIMOTHY O. DUDLEY
114 S. Pulaski Street
Little Rock, AR 72201
Tel: (501) 372-0080
Fax: (501) 372-2999
AR Bar No: 82055
todudley@swbell.net

and

*[signature]*

SAMUEL A. PERRONI
424 West 4th Street, Suite A
North Little Rock, AR 72114
Tel: (501) 374-2818
Fax: (501) 353-0517
AR Bar No: 74119
sperroni.perronilaw@gmail.com

## CERTIFICATE OF SERVICE

I, Samuel A. Perroni, do hereby certify that a true and correct copy of the above and foregoing Motion has been sent to the following via electronic mail on this 1st day of October, 2015:

Shannon Smith, AUSA
P.O. Box 1229
Little Rock, AR 72203

*[signature]*

SAMUEL A. PERRONI