IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DISTRICT

UNITED STATES OF AMERICA                                              PLAINTIFF

vs.                                      No. 4:15cv-181—JM

MAHMOOD AHMAD, M.D. and
UNITED PAIN CARE, LTD. d/b/a
UNITED PHARMACY                                                      DEFENDANTS

ORDER

Pending are Defendants' motion for summary judgment and the United States' cross

motion for summary judgment (Docket Nos. 8 and 13).  Both motions have been fully briefed

and are ready for determination.

Background

The United States filed this action seeking civil penalties pursuant to the record-keeping

provisions of 21 U.S.C. §842(a) of the Controlled Substances Act ("CSA"), 21 U.S.C. §801, *et

seq.*  The two-page complaint alleges that the defendant Mahmood Ahmad, M.D. ("Dr. Ahmad")

operated United Pain Care, Ltd. ("UPC") and was the registrant of United Pharmacy, both which

shared at building at 7841 Warden Road in Sherwood, Arkansas.  The United States further

alleges that "defendant" purchased controlled substances for United Pharmacy on occasions from

January 27, 2012 through May 30, 2013 and that these purchases resulted in 121 violations of the

record-keeping requirements of 21 U.S.C. §842(a)(5).

The following facts are undisputed.  On August 7, 2009, Dr. Ahmad went before the

Arkansas State Medical Board to request permission to dispense legend drugs.  His request was

denied.  Since he felt that he had "real and substantial reasons" for requesting the permit to

dispense legend drugs, Dr. Ahmad decided to open a fully-licensed pharmacy adjacent to his

1

existing pain clinic. (Document 10, p. 19)  He formed UPC with his wife as a Subchapter S corporation in 2010.  Dr. Ahmad was the president of UPC and the owner/incorporator. On January 27, 2010, UPC filed an application for a permit to operate as an Arkansas pharmacy with the Arkansas State Board of Pharmacy, with Carla Garrison listed as the pharmacist in charge and Dr. Ahmad listed as the owner.   Subsequently, on May 28, 2010, Dr. Ahmad filed an online application for a DEA registration for a retail pharmacy in the name of UPC with a location of 7481 Warden Road in Sherwood, Arkansas.

UPC did business as United Pharmacy during the time period in question.[1] There are no corporate documents for United Pharmacy separate and apart from UPC.   Dr. Ahmad made the hiring decisions with respect to the pharmacists who worked at the pharmacy and claims that UPC was always managed exclusively by a pharmacist.  According to his affidavit, Dr. Ahmad did not dispense any legend drugs and did not consider himself responsible for or as having any authority to maintain the required DEA records.

During an audit conducted on April 17, 2013, by the DEA Diversion Investigators (covering from January 27, 2012 through the date of the audit) multiple record-keeping violations of the CSA were discovered.  At a subsequent audit (covering from April 17, 2013 through May 30, 2013) additional violations were discovered.  Between January 27, 2012 and May 30, 2013, the dates of the alleged CSA violations, the "registrant" for DEA purposes was United Pharmacy and the "pharmacist-in-charge" was Pamela Hastings West (October 12, 2011 through May 15, 2012) or Albert Rinchuso (July 3, 2012 through July of 2013).  On April 4, 2013, the DEA registration was renewed online for the fictitious name United Pharmacy; Dr. Ahmad paid for the renewal with his MasterCard.   In July of 2013, Dr. Ahmad and his wife sold

---

[1]  It was not until October 10, 2012 that UPC formally filed an application for the fictitious name of United Pharmacy.

United Pharmacy to pharmacist Albert Rinchuso.  On June 17, 2013, Albert Rinchuso filed

Articles of Incorporation for a new entity, United Pharmacy, Ltd.

Summary Judgment Standard

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be

invoked carefully so that no person will be improperly deprived of a trial of disputed factual

issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*,

444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a

summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to
> demonstrate, *i.e*., '[to] point out to the District Court,' that the
> record does not disclose a genuine dispute on a material fact.  It is
> enough for the movant to bring up the fact that the record does not
> contain such an issue and to identify that part of the record which
> bears out his assertion.  Once this is done, his burden is discharged,
> and, if the record in fact bears out the claim that no genuine dispute
> exists on any material fact, it is then the respondent's burden to set
> forth affirmative evidence, specific facts, showing that there is a
> genuine dispute on that issue.  If the respondent fails to carry that
> burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th

Cir. 1988) (citations omitted) (brackets in original).  Only disputes over facts that may affect the

outcome of the suit under governing law will properly preclude the entry of summary judgment.

*Anderson*, 477 U.S. at 248.

Defendants' Motion for Summary Judgment[2]

Defendants move for summary judgment on three bases.  First, Dr. Ahmad argues that he

was not the official registrant and so cannot be liable for the alleged CSA violations.  Second,

Dr. Ahmad argues that he cannot be liable because was not the *de facto* registrant as he did not

---

[2] Defendants also ask for a motion to dismiss pursuant to Rule 12(b)(6), but the Court will treat the motion as one for summary judgment in light of the exhibits offered in support of the motion and in Plaintiff's response.

dispense controlled drugs or direct the dispensing of controlled drugs. Finally, both Defendants challenge the constitutionality of 21 U.S.C. §842(a)(5) on the basis that it is vague and overly broad and therefore violates the Due Process Clause of the Fifth Amendment.

<u>The United States' Cross Motion for Summary Judgment</u>

In its combined response and cross motion for summary judgment, the United States seeks summary judgment first as to the liability of UPC d/b/a United Pharmacy for the CSA violations and, second, as to the extension of this liability to Dr. Ahmad personally.

The central issue in this case is who can be liable for record-keeping violations under 21 U.S.C. §842(a)(5). As the answer to this question answers all of the issues presented both motions for summary judgment, other than the constitutional question, the Court will address this issue then apply it to the pending motions.

<u>Analysis</u>

The portion of the CSA at issue, 21 U.S.C.A. § 842(a)(5), is as follows:

**(a) Unlawful acts**

It shall be unlawful for *any person*--

**(5)** to refuse or negligently fail to make, keep, or furnish any record, report, notification, declaration, order or order form, statement, invoice, or information required under this subchapter or subchapter II of this chapter[.]

(emphasis added).

The term "person" is defined in the applicable regulation as including "any individual, corporation, government or governmental subdivision or agency, business trust, partnership, association, or other legal entity." 21 C.F.R. § 1300.01. Other courts have addressed the question of who can be liable under §842(a)(5) and reached the conclusion that the broad language of the record-keeping requirement extends to more than just the DEA registrant and can

include physicians and non-medical pharmacy owners.  *See United States v. Clinical Leasing Serv., Inc.,* 759 F.Supp. 310, 313–14 (E.D.La.1990); *United States v. Stidham,* 938 F.Supp. 808, 814 (S.D.Ala.1996); *United States v. Poulin,* 926 F.Supp. 246, 250 (D.Mass.1996); *United States v. Robinson*, No. 12-20319-CIV, 2012 WL 3984786, at *6 (S.D. Fla. Sept. 11, 2012).

In addition to not being the official DEA registrant, Dr. Ahmad argues that he could have no liability under §842(a)(5) since he could not legally dispense legend drugs, he had no responsibility for handling the drugs, and he had no knowledge of the record-keeping violations or even of the record-keeping requirements.  In *Stidham*, the court found the owner of the clinic who "derived the benefits and profits from operating" the clinic was liable for the record-keeping violations under §842(a)(5).  "The statutory scheme envisioned by the Act is one of control through record keeping. Any person who desires to shoulder the responsibility of engaging in the manufacture or distribution of these products subjects himself to the regulatory system laid down by the 1970 Act."  *Stidham* at 814 (quoting *United States v. Greenberg,* 334 F.Supp. 364, 366–67 (W.D.Pa.1971)).

According to Albert Rinchuso, the last pharmacist-in-charge at United Pharmacy, all of the money from the pharmacy goes into the account of UPC.  Dr. Ahmad, along with his wife, is the owner of UPC.  The pharmacists were employees of UPC doing business as United Pharmacy.  Dr. Ahmad may not have been involved in the daily record-keeping responsibilities of the pharmacy operation, but as the owner and president of UPC, he was responsible for making sure that these requirements were met.  When he did get involved and look into the alleged violations, he raised by explanation his lack of professional qualifications as a pharmacist and the lack of computer training of his then-pharmacist-in-charge for whom the learning process occurred "on the go." (Document No. 13, Exhibit 3).  In light of the benefits and profit

Dr. Ahmad received from the pharmacy which he operated under UPC, and the fact that his corporation at one point employed a pharmacist-in-charge whom he acknowledged was not trained in the computer system set up for the required record-keeping, the Court finds that Dr. Ahmad is a person who has subjected himself to the regulatory system set up by the CSA.

While not listed as one of the three bases for their motion for summary judgment, Defendant also argues that UPC is not liable for the record-keeping violations.  It is undisputed that United Pharmacy, the name under which UPC was doing business, was the registrant. Defendants argue that United Pharmacy is a separate corporate division of UPC and that UPC as the parent corporation cannot be liable for its actions.  There is no evidence to support this argument that United Pharmacy was a separate legal entity from UPC.  In fact, Defendants submitted evidence that it was Albert Rinchuso who ultimately set up a separate corporate entity for United Pharmacy, Ltd. after he purchased the pharmacy in 2013.

Based on this analysis, the Court finds that both Dr. Ahmad, personally, and UPC doing business as United Pharmacy can be liable for the violations.  Defendants' motion for summary judgment on these issues is denied, and the United States' cross motion for summary judgment is granted.

<u>Constitutional Challenge</u>

Defendants also argue that, if the Court finds Dr. Ahmad can be held liable for the record-keeping violations of §842(a)(5), then the Act is unconstitutionally vague and overly broad in violation of the Due Process Clause of the Fifth Amendment of the United States.[3] Specifically, Defendant argue that the section is unconstitutional (1) because it encourages arbitrary enforcement and exposes the threat of substantial penalties on too many people in too

---

[3] Defendants also argue that §842(a)(5) violates Due Process if the Court finds that a "non-managing parent corporation" could be found liable for the record-keeping violations.  Since there is no evidence that United Pharmacy is a corporate entity separate and apart from UPC, the Court will not address this argument.

many areas of pharmaceutical ownership and operation; (2) it burdens everyone other than the registrants; and (3) it violates the fair warning requirements of the Due Process Clause.

"The Fifth Amendment guarantees every citizen the right to due process. Stemming from this guarantee is the concept that vague statutes are void." *United States v. Washam,* 312 F.3d 926, 929 (8th Cir.2002) (*citing Connally v. Gen. Const. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926)). The vagueness doctrine is analyzed under a two part test: "[t]he statute must first provide adequate notice of the proscribed conduct, and second, not lend itself to arbitrary enforcement." *United States v. Birbragher*, 603 F.3d 478, 484-85 (8th Cir. 2010) (quoting *United States v. Barraza,* 576 F.3d 798, 806 (8th Cir.2009) (quotation omitted)).

Again, Defendants' argument centers on the use of the word "any person." The Court, however, agrees with the arguments presented by the United States. Looking at the CSA in its entirety, it sets up a closed system in which any person who chooses to receive or dispense controlled substances, and thereby receives benefits from this choice, is subject to the requirements of the CSA. The statute and accompanying regulations are specific to persons and corporations who choose to engage in the distribution of controlled substances. Dr. Ahmad, on behalf of himself and UPC, understood that as the owner of the company that owned the pharmacy, both he and UPC were ultimately liable for any violations. (Document No. 13, Exhibit 3). Furthermore, Defendants have not provided any evidence that the statute is arbitrarily enforced. For these reasons, Defendants' motion for summary judgment on the unconstitutionality of §842(a)(5) is denied.

Conclusion

For the reasons stated above, both Defendants' motion for summary judgment (Docket No. 8) is DENIED, and the United States' cross motion for summary judgment (Docket No. 13) is GRANTED.

IT IS SO ORDERED this 2nd day of May, 2016.

_____
UNITED STATES DISTRICT JUDGE